IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

L. KIRK TOMPKINS and SUSIE TOMPKINS,

                  Plaintiffs,

v.                                              No. 1: 17-cv-00460-MCA-KRS

LIFEWAY CHRISTIAN RESOURCES OF THE
SOUTHERN BAPTIST CONVENTION
("LIFEWAY");THOM RAINER, PRESIDENT,
"LIFEWAY"; JERRY L. RHYNE, C.F.O.
"LIFEWAY"; LARRY D. CANNON, SEC
"LIFEWAY"; GLORIETA 2.0 INC.;
GLORIETA 2.0 INC.; DAVID WEEKLEY,
DIRECTOR; GLORIETA 2.0, INC.
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
TERRY LOOPER, DIRECTOR GLORIETA 2.0 INC.
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY;
LEONARD RUSSO, DIRECTOR GLORIETA 2.0 INC.
IN HIS OFFICIAL AND INDIVDUAL CAPACITY;
ANTHONY SCOTT, AS EXECUTIVE DIRECTOR
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY
OF GLORIETA 2.0 INC.; HAL HILL, AS CONSULTING
DIRECTOR IN HIS OFFICIAL AND
INDIVIDUAL CAPACITY OF GLORIETA 2.0 INC.;
LINDA K. DEAN, TRUSTEE "LIFEWAY" N.M.;
and JEFF WARD, DIRECTOR OF FINANCE
AND ADMINISTRATION GLORIETA 2.0 INC.,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY

                  Defendants.

**OPINION & ORDER GRANTING MOTION TO STAY
AND STAYING PROCEEDINGS UNTIL
RESOLUTION OF DEFENDANTS' MOTION TO DISMISS**

      Before the Court is Defendants' emergency motion to stay discovery pending resolution of three motions to dismiss *pro se* Plaintiffs L. Kirk and Susie Tompkins' amended complaint. [Doc. 31]. The Tompkins have sued more than a dozen individual and entities for their alleged malfeasance in connection with the 2013 sale of the Glorieta Conference Center, a vast complex

in Santa Fe County, New Mexico and related termination of the Tompkins' ground lease there. [Doc. 20]. In the pleading, the Tompkins note their claims relate to an earlier action they filed in this Court and that United States District Judge Browning previously dismissed and the Tenth Circuit affirmed on appeal. [Doc. 20, Am. Compl., ¶ 1]. Nonetheless, the Tompkins believe they may move forward with their suit and have now propounded 25 interrogatories and 27 requests for production on Defendant Thom Rainer, president of the entity that sold the Center. [Doc. 31-1]. Considering the case's present posture and the parties' submissions, the Court will stay proceedings.

## ANALYSIS

Federal Rule of Civil Procedure 26(d) governs the commencement of discovery. Under Rule 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure . . . or where authorized by these rules, stipulation or the court order." Fed. R. Civ. P. 26(d)(1). Subsection (f)'s "meet and confer" obligation, among other items, contemplates discussions between the parties on *written discovery* and the development of a plan for undertaking such discovery. *See* Fed. R. Civ. P. 26(f)(2). Unless a case involves administrative review, forfeitures, habeas corpus, unrepresented wards or inmates, administrative subpoenas or summons, actions by the government to recover benefits or collect student loans, ancillary proceedings, or enforcement of arbitration awards, discovery may not begin until the parties have these basic discussions, the parties stipulate, or the court allows it. *See* Fed. R. Civ. P. 26(d).

The Court concludes that discovery is not yet permitted under the Federal Rules. Tompkins assert five causes of action. [*See* Doc. 20, ¶¶ 38-103 (alleging fraud (Count I); denial of due process (Count II); "unconscionable contract" (Count III); breach of fiduciary duty (Count

IV); and "extortion and malice aforethought" (Count V))]. None of them sound in any of the exceptions to Rule 26(d). Nor is there evidence that the parties have met and conferred as required by Rule 26(f). Had they done so, they would have developed jointly a discovery plan that would address the very issue Defendants raise, namely Defendants' stated desire to have the motions to dismiss ruled on before moving forward. At the very least, the parties would have presented the Court with their inability to agree on the amount and timing of discovery. The emergency motion to stay and the response themselves are indicative of the absence of stipulation allowing discovery to proceed. The Court has reviewed the docket and is satisfied there has been no judicial sanction of early discovery.

The Court is cognizant of the Tompkins' *pro se* status; as they readily point out, the Court must construe their papers liberally. *See Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). This obligation, however, does not allow the Court to make arguments on their behalf or excuse their compliance with procedural rules. *See id.* (explaining that "[a]lthough a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," the Tenth Circuit has required "pro se parties follow the same rules of procedure that govern other litigants" and will not "take on the responsibility of serving as the litigant's attorney"). Even liberally construed, Plaintiffs' response does not identify any of the exceptions to the meet-and-confer prerequisite to commencing discovery. Instead, much of the argument is devoted to the lengthy procedural history of their previous case.

To be fair, as the Tompkins note, the parties did file a notice wherein the parties stipulated to extending Tompkins' deadline to respond to pending motions and also agreeing that responses to discovery would be due by a date certain. [Doc. 34]. The Court declines to accept

this stipulation as the type of consent Rule 26(d) requires of the parties to engage in discovery without meeting and conferring. The notice of extension concerns only responding to discovery, not engaging in it, which permissibly includes lodging objections, refusing to comply, and seeking a protective order. Notably, the notice was filed *after* Defendants asked for an emergency stay, not before the Tompkins propounded their requests. Nor have Defendants' withdrawn their motion as they have other filings. Discovery is premature under the rules, and Defendants should be relieved of the burden of engaging in it.

To the extent the parties would have to meet and confer prior to the resolution of the dispositive motions or to the extent the notice of extension might constitute a stipulation under Rule 26(d), the Court concludes there is good cause for a stay. As the Supreme Court has held, federal courts possess the inherent authority to stay discovery. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket") (citation omitted). Rule 26 similarly empowers the Court to protect a party from unduly burdensome discovery. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"). The party seeking to avoid discovery, however, must establish a particular need for the stay. *See Clinton*, 520 U.S. at 707.

As United States Magistrate Judge William Lynch of this District has explained, the Court "may consider whether there are pending motions that would dispose of the entire case, and whether those motions appear meritorious or raise substantial concerns regarding the viability of the plaintiff's claims." *Maestas v. Seidel*, 2017 U.S. Dist. LEXIS 36969, *2 (D.N.M. Mar. 15, 2017) (citation omitted). In determining the propriety of staying discovery, the Court should also examine the burden to the non-movant as well as any potential prejudice. A party

opposing the stay may defeat it if discovery is necessary to resist a dispositive motion or information may be lost if a stay goes into effect. *See id.*

Under this framework, the Court determines a stay is appropriate. Defendants have sought dismissal in three separate filings. If granted, these motions would dispose of all of the counts. At least facially, there appears to be some merit to Defendants contention that the doctrines of claim and issue preclusion bar recovery, especially in light of the Tompkins own concession that the case is related to a previous action that has been dismissed. The litigation is in its early life. Absent a court order or stipulation, Rule 26 would not even permit discovery. Defendants' motions are legally, not factually driven: they appear to accept the pleaded and judicially noticeable facts as true, obviating the Tompkins need for immediate discovery. The Tompkins do not claim that material information will be lost if a stay is granted. The Court recognizes that the Tompkins' challenge Defendants' recitation of the procedural posture of the past case and, liberally construed, attack the elements of the collateral estoppel and *res judicata*. At this stage of the litigation, however, a stay will not affect Tompkins' ability contest Defendants' preclusion arguments, and there does not appear to be any appreciable prejudice to the Tompkins from whatever brief delay occurs while the Court rules on the dispositive motions.

## CONCLUSION

For the reasons state above, a stay of discovery is warranted while the Court considers the Defendants' motions to dismiss.

Accordingly, it is **ORDERED** that Defendants' motion to stay [Doc. 31] is **GRANTED**. All discovery in this case is **STAYED** until further order from the Court after Defendants' motions to dismiss have been resolved.

It is further **ORDERED** that the parties must ensure in the future that they appropriately sign all filings with the Court, include on any pleading the party's mailing address, email address, and telephone number, and that they properly serve the other party(ies) or, if represented, the other party's(ies') attorneys. *See* Fed. R. Civ. P. 5 & 11.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE